IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEAL PASCARETTI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| I.C. SYSTEMS ) | |
| ) | |
| Defendant. ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Neal Pascaretti is a natural person who resides in Overland Park, County of Johnson, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant I.C. Systems, (hereinafter "Defendant IC") is a collection agency operating from an address of 444 Highway 96 East, St. Paul, Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

### *July 19, 2016 Collection Call to Dean Pascaretti*

8. On or about July 19, 2016 at 9:18 a.m., Defendant contacted Dean Pascaretti, Plaintiff's father (at phone number (586) 419-4865), and advised him that they were debt collectors attempting to collect a debt and they were looking for Neal Pascaretti.

9. Dean Pascaretti informed them immediately that he was not Neal and that Neal was not at this number and to stop calling. The call lasted for 24 seconds. See exhibit 1 attached.

### *July 20, 2016 Collection Call to Dean Pascaretti*

10. Plaintiff's father, Dean Pascaretti, was again contacted at 9:38 a.m. on July 20, 2016 in an effort to collect this alleged debt from Plaintiff after notice that the

Plaintiff was not at the number. Defendant again informed Dean Pascaretti that they were debt collectors attempting to collect a debt. Defendant knew the location and whereabouts of Plaintiff but persisted in contacting his father in an effort to harass and harm Plaintiff.

11. Defendant IC's collector was again notified by Dean Pascaretti that Neal was not at this number, they do not live together and to stop calling. The purpose of this call was to embarrass and cause harm to Plaintiff. The call lasted 25 seconds. See exhibit 2 attached.

12. Mr. Dean Pascaretti is not and was not employed in the human resources or payroll departments of Plaintiff's employer and did not otherwise have any reason to know this information about Plaintiff's personal debts.

13. The FDCPA prohibits any contacts to third parties that are designed to put pressure on the Plaintiff to return the collector's calls or embarrass the Plaintiff into paying a debt.

14. Defendants' communication to Mr. Dean Pascaretti on this occasion was an illegal third-party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), and 1692f,

amongst others, as well as an invasion of privacy by revelation of private financial information.

### *July 21, 2016 Collection Call to Dean Pascaretti*

15. Plaintiff's father, Dean Pascaretti, was once again contacted at 9:46 a.m. on July 21, 2016 in an effort to collect this alleged debt from Plaintiff after notice that the Plaintiff was not at the number. Defendant again advised Dean Pascaretti that this was an attempt to collect a debt. Defendant knew the location and whereabouts of Plaintiff but persisted in contacting his father in an effort to harass and harm Plaintiff.

16. Defendant IC's collector was again notified by Dean Pascaretti that Neal was not at this number, they do not live together and to stop calling. The purpose of this call was to embarrass and cause harm to Plaintiff. The call lasted 27 seconds. See exhibit 3 attached.

17. Mr. Dean Pascaretti is not and was not employed in the human resources or payroll departments of Plaintiff's employer and did not otherwise have any reason to know this information about Plaintiff's personal debts.

18. The FDCPA prohibits any contacts to third parties that are designed to put pressure on the Plaintiff to return the collector's calls or embarrass the Plaintiff into paying a debt.

19. Defendants' communication to Mr. Dean Pascaretti on this occasion was an illegal third-party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others, as well as an invasion of privacy by revelation of private financial information.

20. To the extent that the debt collector left messages to be delivered to Plaintiff, despite the fact that they already had Plaintiff's employment location information, such messages also violated collection law.

*Summary*

21. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of Plaintiff's private financial facts and resulted in actual damages to Plaintiff.

22. Plaintiff was horrified that these Defendants had contacted his family and disclosed to them that he was alleged to be behind on his bills and suffered

extreme embarrassment, emotional distress, and humiliation as a result of this unlawful disclosure.

## *Respondeat Superior Liability*

23. The acts and omissions of Defendant representative, and the other debt collectors employed as agents by Defendant IC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant IC.

24. The acts and omissions by Defendant were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant IC in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, Defendant and Defendant's agents were motivated to benefit their principal, Defendant IC.

26. Defendant IC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Kansas tort law, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY – DESIGNATION OF PLACE OF TRIAL**

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. Place of trial shall be the Robert J. Dole Courthouse in Kansas City, Kansas. US Const. amend. 7. Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of this Plaintiff.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

35. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

36. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

37. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

|  |  |
|---|---|
| Dated: February 6, 2017 | **CREDIT LAW CENTER**<br><br>By:  **s/Thomas Addleman**<br>Thomas A. Addleman, Esq.<br>Attorney I.D.#21104<br>255 NW Blue Parkway, Suite 200A<br>Lee's Summit, Missouri 64063<br>Telephone:  (816) 246-7800<br>Facsimile: (855) 523-6884<br>toma@creditlawcenter.com |
| taa/lb | **Attorney for Plaintiff** |